UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DAWSON FARMS, L.L.C. | CIVIL ACTION 3-05-0379 |
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| FARM SERVICE AGENCY, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed by the defendant, the United States [**Doc. # 16**] referred to me by the district judge for Report and Recommendation. Oral argument was held before me on May 4, 2006. The government contends that plaintiff, Dawson Farms, LLC (Dawson) has failed to exhaust administrative remedies and, therefore, this court lacks jurisdiction under FRCP 12(b)(1).

This is a suit for damages, declaratory judgment and injunctive relief in which the plaintiff claims that the defendant, Farm Service Agency (FSA)[1] has withheld farm subsidy payments due to plaintiff and refuses to pay it future payments .

Plaintiff was notified in 2002 by the Department of Agriculture's Natural Resources Conservation Service[2] (NRCS) that it had been randomly selected for a Food Security Act status

---

[1] The FSA was established as a successor agency to the Farmers Home Administration under the Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994, Pub. L. No. 103-354, §226, 108 Stat. 3178, 3214-16.

[2] Successor to the Soil Conservation Service.

review. It was determined that Dawson had cleared 10 acres of "highly erodible land" and 12 acres of wetlands in violation of the Swamp Buster Act, 16 U.S.C. §3821 *et seq*. The NRCS notified its sister agency, the FSA, which withheld plaintiff's payments and seeks return of those payments[3] erroneously made due to plaintiff's alleged ineligibility due to its improperly manipulating the land.

Plaintiff claims that the NRCS and/or the FSA told it that it could cure the problem by applying for and obtaining an exception permit from the U.S. Army Corp of Engineers under Section 404 of the Clean Water Act (33 U.S.C. §1254 *et seq*.).[4] The plaintiff applied for such a permit; however, in the meantime, the Environmental Protection Agency (EPA) initiated an enforcement proceeding with regard to the violations. Plaintiff then abandoned its attempt to obtain a Section 404 permit, choosing instead to challenge the agency determinations through the enforcement proceeding. The EPA then abandoned its enforcement proceeding and plaintiff was left with having filed no administrative appeal of the NRCS and FSA determinations that (a) the property was a wetlands (or highly erodible) and (b) that there was a violation and was left without an exception permit.

While not every federal statute which provides for administrative review mandates exhaustion as a prerequisite for judicial review[5], the statutes establishing the NRCS and the FSA do. 7 U.S.C 6991, *et seq*. Further, this court's power to review those agencies' decisions derives from 7 U.S.C. § 6999, which reads, "A final determination of the [National Appeals] Division

---

[3] The sum of $118,160.75.

[4] Although the Environmental Protection Agency is charged with the administration of the Act, the Corp apparently has some responsibilities with regard to it (perhaps pursuant to an interagency cooperative agreement).

[5] Calhoun v. USDA Farm Service Agency, 920 F. Supp. 696 (N.D.Miss. 1996).

shall be reviewable and enforceable by any United States district court of competent jurisdiction in accordance with chapter 7 of Title 5." Under this statute this court has subject matter jurisdiction only if the Director's decision was "final." The Supreme Court has explained the finality requirement as follows:

> As a general matter, two conditions must be satisfied for agency action to be final: First, the action must mark the consummation of the agency's decision-making process--it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.
> Bennett v. Spear, 520 U.S. 154, 177-78, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (citations and internal quotation marks omitted).

Here, plaintiff admits that it did not appeal the agencies' decisions[6], but argues that its attempt to pursue a Section 404 permit amounts to exhaustion. Such an argument fails to meet the test as stated by the Supreme Court. In any event, that permitting process was not completed.

Plaintiff also argues that the government is estopped from asserting the failure of plaintiff to exhaust administrative remedies. It argues that the government agencies misled it by suggesting it should apply for an exception permit. This court's jurisdiction is not determined by whether the government asserts a defense or not; it simply does not have jurisdiction under the statute [7 U.S.C. 1699] in the absence of exhaustion.

For the foregoing reasons, IT IS RECOMMENDED that the defendants' Motion to Dismiss, Doc. # 16, be GRANTED and that plaintiff's claims be DISMISSED without prejudice.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections

---

[6] See also affidavits, Govt. Exhibits A and B.

within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 12th day of July, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE